IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02193-MSK-MJW

UNITED STATES OF AMERICA,

Plaintiff,

v.

1964 CHEVROLET IMPALA CONVERTIBLE, VIN 41467S280446,
2004 NISSAN MAXIMA, VIN 1N4BA41E24C862587,
$38,537.71 in UNITED STATES CURRENCY,
MISCELLANEOUS JEWELRY, and,
MISCELLANEOUS ELECTRONIC EQUIPMENT,

Defendants.

---

## RECOMMENDATIONS ON
## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND
## FINAL ORDER OF FORFEITURE (Docket No. 22)
## and
## CLAIMANT JULIO RIOS' MOTION TO SET ASIDE DEFAULT (Docket No. 25)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter comes before the Court on the United States' Motion for Default Judgment and Final Order of Forfeiture. The court having reviewed said motion FINDS:

THAT after claimant Julio Rios was arrested and his assets were seized, the Drug Enforcement Administration initiated administrative forfeiture proceedings against the various defendant assets and sent notice to Rios.

2

THAT Rios submitted to the DEA what purported to be Claims on the letterhead of Christopher Leach, Esq., of the law firm of Springer & Steinberg, P.C.  The claims were not submitted under oath as required, and thus the DEA mailed to Mr. Leach a Notice that this defect needed to be corrected;

THAT Leach apparently received the notices because Rios then submitted the Claims properly sworn, and the Claims were accompanied by another letter from Leach;

THAT The United States commenced this action *in rem* pursuant to 21 U.S.C. § 881;

THAT service of the Verified Complaint for Forfeiture *In Rem* and accompanying documents were served on claimant Rios via certified mail on December 4, 2006, and a Certificate of Service indicates that Christopher T. Leach of Springer and Steinberg, P.C., was also served a copy by mail;

THAT counsel for Rios purports that for unknown reasons he did not receive the copy of the Complaint and accompanying documents that the Certificate of Service purports was sent to Christopher T. Leach at the law firm of Springer & Steinberg, P.C.;

THAT the copy of the Complaint and accompanying documents sent to Christopher T. Leach at the law firm of Springer & Steinberg, P.C., were not returned to sender as undeliverable and were addressed to the correct mailing address;

THAT all known interested parties have been provided an opportunity to respond and that publication has been effected as required by Supplemental Rule C(4) [now Rule G(4)] of the Supplemental Rules for Certain Admiralty and Maritime Claims;

3

THAT after notice, there have been no Claims, Answers, or other responsive pleadings filed in this matter as required by Rule C(6) [now Rule G(5)] of the Supplemental Rules for Certain Admiralty and Maritime Claims;

THAT Entry of Default was entered by the Clerk on January 23, 2006;

THAT counsel for claimant Rios claims to have learned of the existence of the Complaint only when he received the Government's Motion for Clerk's Entry of Default, as well as the Clerk's Entry of Default, on January 23, 2007;

THAT on January 25, 2007, the Government filed its Motion for Default Judgment and Final Order of Forfeiture (Docket No. 22);

THAT not until more than three weeks after receiving notice of the Government's Motion for Clerk's Entry of Default and the Clerk's Entry of Default did counsel for claimant Rios file his Motion to Set Aside Default (Docket No. 25);

THAT claimant Rios has not shown good cause for setting aside the entry of default.  The claimant received actual notice of the Complaint yet no Claim, Answer, or responses to discovery have been filed.  The filing of claims in the DEA administrative proceeding is not a substitute for filing the required Claims and Answer in this Court;

THAT based upon the facts and verification set forth in the Verified Complaint, it appears by a preponderance of the evidence that there was reasonable cause for the seizure of all the defendant property and a Certificate of Reasonable Cause is granted pursuant to 28 U.S.C. § 2465.  It further appears that there is cause to issue a forfeiture order under 21 U.S.C. § 881; and,

THAT none of the defendant properties is an infant, incompetent person, officer

4

or agency of the United States or the State of Colorado, or in the military service.

Based on the above, it is hereby

**RECOMMENDED** that default judgment and forfeiture of defendants 1964 Chevrolet Impala Convertible, VIN 41467S280446; 2004 Nissan Maxima, VIN 1N4BA41E24C862587; $38,537.71 in United States Currency; Miscellaneous Jewelry; and Miscellaneous Electronic Equipment, including all right, title and interest be entered in favor of **The United States**; that the United States be given full and legal title to the defendant property and may dispose of said property in accordance with law; and that this Default Judgment and Final Order of Forfeiture serve as a Certificate of Reasonable Cause under 28 U.S.C. § 2465.  It is further

**RECOMMENDED** that the Motion to Set Aside Default (Docket No. 25) be denied.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411,**

**1412-13 (10th Cir. 1996).**

DATED THIS 20th DAY OF JULY, 2007.

                                            BY THE COURT:

                                            s/ Michael J. Watanabe
                                            MICHAEL J. WATANABE
                                            U.S. Magistrate Judge