IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-02193-MSK-MJW

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1964 CHEVROLET IMPALA CONVERTIBLE, VIN 41467S280446,
2004 NISSAN MAXIMA, VIN 1N4BA41E24C862587,
$38,537.71 IN UNITED STATES CURRENCY,
MISCELLANEOUS JEWELRY, and
MISCELLANEOUS ELECTRONIC EQUIPMENT,

        Defendants.

## ORDER ADOPTING RECOMMENDATION

THIS MATTER comes before the Court on a Recommendation **(#29)** by the Magistrate Judge that the Court enter a default judgment against the Defendants. No party has objected to the Recommendation. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The United States commenced this action for forfeiture *in rem* pursuant to 21 U.S.C. § 881. The Court therefore exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

### II. Background

The United States filed its Verified Complaint for Forfeiture *in Rem* **(#1)** against two automobiles, currency, miscellaneous jewelry and miscellaneous electronic equipment. It alleges

that these Defendants are things of value which were furnished, and intended to be furnished, in exchange for a controlled substance, or are proceeds from the exchange of controlled substances, and thus subject to forfeiture. It seeks entry of a final order of forfeiture, a finding of probable cause for the seizure, and a Certificate of Reasonable Cause under 28 U.S.C. § 2465.

According to the Complaint, all of the Defendant properties were seized pursuant to a search warrant on May 4, 2006, during a search of a residence belonging to Julio Rios. In addition, the Magistrate Judge issued an Order for Warrant and Summons for Arrest of Property *in Rem* **(#5),** finding that there is probable cause to believe that the currency is subject to a decree of forfeiture. A Warrant and Summons for Arrest of Property *in Rem* **(#6)** was issued, and executed, as to all Defendant properties.

The Warrant and Summons required the United States Marshals Service to give notice of this action by publication, in the following manner:

> once a week for four weeks in a newspaper of general circulation in Denver, Colorado, and in all cities in which assets are seized, to all persons claiming or asserting an interest in or right against the defendant property, that they must file their Verified Statement of Interest or Right with the Clerk of this Court pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims within thirty days (30) after the earlier of (1) receiving actual notice of execution of process, or (2) last publication of notice, or within such additional time as the Court may allow, and shall serve and file their Answer to the Verified Complaint within twenty (20) days after the filing of the Verified Statement of Interest with the Office of the Clerk . . . .

On November 28, 2006, the Plaintiff mailed **(#11)** copies of the Complaint, the Magistrate Judge's Order, the Warrant and Summons, and other documents to potential claimants Julio and Marly Rios. The Plaintiff also mailed a courtesy copy of these documents to their attorney,

Christopher Leach. Certified mail receipts show that Mr. and Ms. Rios received their notices on December 4, 2006. In addition, notice was published as required **(#17)**, and the last publication occurred on December 19, 2006.

On January 22, 2007, the Plaintiff moved **(#18)** for the Clerk to enter a default after nobody filed an Answer. The Clerk entered a default **(#19)** on January 23, 2007. The Plaintiff then moved **(#22)** for the entry of a default judgment and final order of forfeiture.

On February 14, 2007, Julio Rios, through counsel, filed a motion **(#25)** to set aside the entry of default. His counsel contends that there is good cause to set aside the default because counsel never received a copy of the Complaint, even though it was mailed to his office. Counsel is uncertain whether the Complaint was received by his office, or whether there was a mailing error. Counsel suggests that even if there were a clerical error in his office, it should not bar relief from the entry of a default. Counsel also represents that the failure to Answer was not willful, and although Mr. Rios received copies of the notice, he had an expectation that his attorney would file an Answer on his behalf. Mr. Rios has not responded in opposition to the motion for entry of default judgment.

The Plaintiff opposes **(#27)** Mr. Rios' motion to set aside the default. First, it contends that Mr. Rios and his counsel both received notice by mail and by publication of this action, yet failed to file an Answer. It contends that since the notice it mailed to Mr. Rios' attorney was not returned by the Postal Service, it must have been delivered. Second, the Plaintiff contends that Mr. Rios' motion is untimely, because it was filed 22 days after his counsel received the motion for entry of default, 55 days after final publication, and 70 days after Mr. Rios actually received notice of this action by mail. Third, the Plaintiff points out that as of this date, Mr. Rios has filed

no Answer and submitted no claim as to the Defendant properties. Mr. Rios filed a reply in support of his motion **(#28)**.

The Magistrate Judge recommends **(#29)** that the motion to set aside the default be denied, and that default judgment be entered in favor of the Plaintiff. He finds that Mr. Rios has not shown good cause to set aside the default. Noting that Mr. Rios has filed no Answer, the Magistrate Judge also recommends that a default judgment and final order of forfeiture be entered. The Recommendation was electronically served on Mr. Rios' attorney of record, who has filed no objection.

### III. Issue Presented

The issue presented is whether the Court should set aside the default, or adopt the Magistrate Judge's Recommendation and enter a default judgment and final order of forfeiture in favor of the Plaintiff.

### IV. Standard of Review

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), a party may object to any portion of a Magistrate Judge's recommendation by filing specific objections within 10 days of the party's receipt of the recommendation. When timely objections have been filed, the district court must review *de novo* the specific conclusions of the Magistrate Judge to which objections have been directed. 28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). However, when no objections are filed, a district court may apply whatever standard of review it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

The Clerk may enter a default against a party who has failed to plead or otherwise defend a claim asserted against it. Fed. R. Civ. P. 55(a). "For good cause shown," the Court may set

aside the entry of default against a party. Fed. R. Civ. P. 55(c). "Good cause" is subject to a lesser standard than excusable neglect, and there is a strong preference for deciding claims on their merits, rather than by default. *Dennis Garberg & Associates, Inc. v. Pack-Tech Intern. Corp.,* 115 F.3d 767, 775 n.6 (10th Cir. 1997); *Gulley v. Orr,* 905 F.2d 1383, 1386 (10th Cir. 1990) (citing *Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir.1970)). In deciding whether to set aside a default, a court may consider any factors it deems appropriate, including whether the default was willful, whether the plaintiff will be prejudiced if the default is set aside, and whether there is a meritorious defense to the plaintiff's claim. *See Matter of Dierschke,* 975 F.2d 181, 183-84 (5th Cir. 1992) (citation and quotation omitted); *cf. U.S. v. Timbers Preserve, Routt County, Colo.,* 999 F.2d 452, 454 (10th Cir. 1993) (making these mandatory requirements to set aside a default judgment under Fed. R. Civ. P. 60(b)). The Magistrate Judge did not expressly apply any particular factors in determining that there was not good cause to set aside the default. Thus, this Court does so *de novo*.

Service upon all claimants, including Mr. Rios, was properly accomplished by publication. In addition, Mr. Rios actually received notice of this action on December 4, 2006, yet he filed no Answer, nor does he represent that he contacted his counsel to request an Answer be prepared and filed. Although his counsel is unable to determine whether it received notice by mail of this action, such notice was not required, yet the Plaintiff attempted to give such notice to counsel as a courtesy. In short, Mr. Rios had notice of this action and the deadline for timely filing an Answer, but he failed to assert any claim to the Defendant properties. Now, in requesting that the default be set aside, Mr. Rios does not identify any claim he would lay to the Defendant properties. Thus, Mr. Rios has not shown that there is good cause to set aside the default.

Mr. Rios has not responded to the motion for entry of a default judgment, nor objected to the Magistrate Judge's Recommendation, even though his counsel was served copies of the same. Due to the default, the allegations in the Verified Complaint are deemed admitted. It is thus established that the Defendant properties are things of value which were furnished, and intended to be furnished, in exchange for a controlled substance, or they are proceeds from the exchange of controlled substances. Pursuant to 21 U.S.C. § 881(a), they are subject to forfeiture, and entry of a default judgment is proper.

**IT IS ORDERED** that:

(1) The motion to set aside the default **(#25)** is **DENIED**.

(2) The Court adopts the Recommendation **(#29)** of the Magistrate Judge, and grants the motion for entry of default judgment **(#22)**. A Default Judgment and Final Order of Forfeiture shall issue separately.

Dated this 7th day of September, 2007

BY THE COURT:

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge